J-S40001-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY ROBINSON, | |
| Appellant | No. 1686 WDA 2017 |

Appeal from the PCRA Order Entered October 2, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011413-2009

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY BENDER, P.J.E.:              FILED SEPTEMBER 16, 2019

Appellant, Anthony Robinson, appeals pro se from the post-conviction court's order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We dismiss this appeal because Appellant's brief fails to conform to our Rules of Appellate Procedure.

We need not provide a lengthy discussion of the facts underlying Appellant's convictions.  Instead, we briefly note that the trial court found Appellant guilty of third degree murder, 18 Pa.C.S. § 2502(c), carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), and conspiracy to commit criminal homicide, 18 Pa.C.S. § 903(a)(1), following a bench trial.  The trial court sentenced Appellant to an aggregate term of 25-50 years' imprisonment.  This Court affirmed Appellant's judgment of sentence on June 11, 2014.  See

_____

* Retired Senior Judge assigned to the Superior Court.

Commonwealth v. Robinson, 105 A.3d 31 (Pa. Super. 2014). Appellant subsequently filed a petition for allowance of appeal with our Supreme Court, which was denied on December 30, 2014. See Commonwealth v. Robinson, No. 316 WAL 2014 (Pa. filed Dec. 30, 2014).

On August 26, 2015, Appellant filed a timely, pro se, first PCRA petition. The PCRA court appointed counsel to represent him. Counsel later petitioned to withdraw and filed a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). The PCRA court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition, to which Appellant filed a response. On October 2, 2017, the PCRA court entered an order denying Appellant's PCRA petition.

Appellant filed a timely notice of appeal from the October 2, 2017 order. On March 14, 2018, the PCRA court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days, and advised him that any issue not properly included in the concise statement would be deemed waived. On April 5, 2018, Appellant appeared to file a request for an extension of time to file his concise statement.[1] On April 19, 2018, the PCRA court granted him an additional forty-five days to file his

_____

[1] Although Appellant entitled this request as a "Motion for Extension of Time to File Brief," the PCRA court assumed that Appellant was intending to seek an extension of time to file his concise statement. See PCRA Court Opinion (PCO), 11/14/2018, at 1 (unnumbered pages).

statement, but the record indicates that he failed to do so.[2]  The PCRA court issued its Rule 1925(a) opinion on November 14, 2018.

At the outset, we observe that Appellant's brief contains substantial defects.  This Court has explained:

> Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. Commonwealth v. Adams, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101.  Although this Court is willing to construe liberally materials filed by a pro se litigant, a pro se appellant enjoys no special benefit.  Accordingly, pro se litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.  Commonwealth v. Lyons, 833 A.2d 245, 251-52 (Pa. Super. 2003).  "This Court will not act as counsel and will not develop arguments on behalf of an appellant."  Coulter v. Ramsden, 94 A.3d 1080, 1088 (Pa. Super. 2014).

Commonwealth v. Tchirkow, 160 A.3d 798, 804 (Pa. Super. 2017).

Pennsylvania Rule of Appellate Procedure 2111 provides, in pertinent part, that:

> (a) General rule.--The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.

---

[2] In fact, our review of the record demonstrates that Appellant has not filed a concise statement to date.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a) (emphasis added).

Specifically, regarding the section containing the statement of the questions involved, Rule 2116(a) states:

The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby. Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116(a) (emphasis added). Omitting this section "is particularly grievous since the statement of questions involved defines the specific issues

- 4 -

this Court is asked to review." Commonwealth v. Maris, 629 A.2d 1014, 1016 (Pa. Super. 1993).

Further, with respect to the argument section, Rule 2119(a) sets forth that:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). This Court has declared that, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." Tchirkow, 160 A.3d at 804 (citation omitted).

Here, Appellant's brief does not include, inter alia, a statement of jurisdiction, a statement of the case, and a summary of the argument. It also does not include a statement of the questions involved, impeding us from discerning which specific issue(s) Appellant wishes us to review. Moreover, what we presume to be Appellant's argument section does not conform to the requirements of Rule 2119(a), as he does not divide his argument into as many parts as there are questions to be argued. Instead, his argument contains no parts, and is rambling, incoherent, and undeveloped. These

defects preclude this Court from conducting in any meaningful review, and we therefore dismiss Appellant's appeal.[3]

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2019

---

[3] Notwithstanding the defects in Appellant's brief, we would nevertheless deem any issue raised by him waived due to his failure to file a concise statement pursuant to Rule 1925(b). See Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the statement are waived); Commonwealth v. Hill, 16 A.3d 484, 494 (Pa. 2011) ("Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived....").